**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YAKOV SHLUSH, | Case No. 5:26-cv-01557-MAA |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1)** |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

On March 31, 2026, Petitioner Yakov Shlush ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally* Pet.) The Petition names as Respondents Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Pamela Bondi, Attorney General of the United States; Todd Lyons, Acting Director and Senior Official Performing the Duties of the Director, ICE; Ernesto Santacruz, Field Office Director, Los Angeles Field Office, ICE; and

///

James Janecka, Warden, Adelanto Detention Facility ("Respondents"). (Pet. 1.[1]) On April 3, 2026, Respondents filed a Response to the Petition. (ECF No. 6.) On April 17, 2026, the Court directed the parties to meet and confer and then file a Joint Status Report to clarify certain matters regarding Petitioner's detention status. (ECF No. 7.) The Joint Status Report ("JSR") was filed on April 23, 2026 (JSR, ECF No. 8), and Respondents filed an Amended Answer (ECF No. 9) the same day. On April 29, 2026, the Court issued a Report and Recommendation recommending that the Petition be granted. (ECF No. 10.) The same day, the parties consented to proceed before a magistrate judge (ECF No. 12), and on April 30, 2026, the case was reassigned to the undersigned for all purposes (ECF No. 13). The Court therefore GRANTS the Petition, for the reasons set forth below.

## I.    BACKGROUND

The Petition alleges that Petitioner is a citizen and national of Israel (Pet. ¶ 2), and that he entered the United States on a tourist visa in or about 1981 (*id.* at ¶ 3). The JSR confirms that he is subject to a final order of removal issued on November 6, 1989, that his appeal of that order became final on April 4, 1991, and that a warrant of deportation was issued the same day. (JSR 2.) The JSR also clarifies that Respondents' position is that Petitioner is presently being detained under 8 U.S.C. § 1231(a). (JSR 2.) He has been detained since July 2025. (*Id.*) The Petition seeks, *inter alia*, a writ of habeas corpus ordering the Respondents to release Petitioner from custody immediately. (Pet. 11.)

## II.    LEGAL STANDARD

Writs of habeas corpus may be granted by the federal courts to noncitizens in the custody of immigration authorities. 28 U.S.C. § 2241(c)(3) ("The writ of

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

habeas corpus" extends to individuals "in custody in violation of the Constitution or laws or treaties of the United States."); *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024) (holding that petition challenging alien's detention without bond hearing fell within the "core of habeas"). The writ is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Supreme Court has held explicitly "that the Due Process Clause protects an alien subject to a final order of deportation, though the nature of that protection may vary depending upon status and circumstance." *Id.* at 693–94 (internal citation omitted).

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." *Id.* at 690. The government therefore may detain individuals outside of the criminal context only "in certain special and 'narrow' nonpunitive 'circumstances.'" *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

The detention of individuals subject to a final order of removal is governed by 8 U.S.C. § 1231(a) ("Section 1231(a)"). This statute states that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). Detention is authorized during the removal period. *Id.* at § 1231(a)(2)(A).

Under Section 1231(a)(6), certain aliens who have been ordered removed may be detained longer than 90 days. 8 U.S.C. § 1231(a)(6). While the statute itself does not set a maximum length of time for such a post-removal-period detention, a "statute permitting indefinite detention of an alien would raise a serious

3

constitutional problem." *Zadvydas*, 533 U.S. at 690. "There is no sufficiently strong special justification here for indefinite civil detention—at least as administered under this statute." *Id.* While there are two permissible goals for *some* post-removal detention—"preventing flight" and "protecting the community," *id.* at 690—these goals do not automatically justify *indefinite* detention. "[T]he first justification—preventing flight—is weak or nonexistent where removal seems a remote possibility at best." *Id.* And the second justification—protecting the community—is "limited to specially dangerous individuals and subject to strong procedural protections." *Id.* at 691. Thus, in order "to avoid a serious constitutional threat," the Supreme Court interpreted Section 1231(a)(6) such that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. After a presumptively reasonable six-month detention period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Otherwise, the detained alien must be released, subject to "any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 699–700.

## III.   DISCUSSION

Petitioner asserts that he is entitled to immediate release. (Pet. 11.) In their Amended Answer, Respondents state that, "[i]n light of confirmation that Petitioner Yakov Shlush is subject to a final order of removal and that he is presently being detained pursuant to 8 U.S.C. § 1231(a) . . . . Respondents are not presenting an opposition argument at this time." (Am. Ans. 2.)

As a noncitizen subject to a final order of removal who is being detained pursuant to Section 1231(a), Petitioner cannot be detained for longer than six months unless removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 699.

4

Petitioner, however, has been detained since July 2025, approximately nine months ago.  (Pet. ¶ 3; JSR 2.)  Respondents do not report making any efforts to remove Petitioner pursuant to his final order of removal during that nine-month period and have not argued that Petitioner's removal is reasonably foreseeable at any point in the future.  By choosing not to present any argument in opposition to the Petition, Respondents have conceded that *Zadvydas* requires Petitioner's immediate release from custody.  Thus, the Petition must be GRANTED.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.  The Petition is GRANTED;

2.  Respondents MUST RELEASE Petitioner from custody within 24 hours of entry of this Order;

3.  Respondents MUST FILE a Notice of Compliance, notifying the Court that Petitioner has been released, no later than three calendar days from the date of this order.  Upon receipt of the Notice of Compliance, the Court will enter judgment accordingly.

DATED: May 1, 2026

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

5